City of Chicago v. Johnson, 199 Ill. App. 325.

the complaint was based, where the trial court took judicial notice of the ordinance and no point was made requiring the reviewing court to consider either its scope or construction.

4. MUNICIPAL CORPORATIONS, § 867*—*what assumed as to ordinance and complaint where ordinance not in record on reviewing error assigned as to insufficiency of evidence.* On a writ of error to review a judgment in a prosecution under a municipal ordinance, where the error assigned is as to the insufficiency of the evidence and the ordinance is not in the record, in the absence of anything to the contrary in the record, the reviewing court will assume that there was an ordinance such as was referred to in the complaint of which the trial court took judicial notice, and that the acts charged in the complaint constituted a violation of the ordinance. ′

5. MUNICIPAL CORPORATIONS, § 864*—*when evidence insufficient to support verdict.* On a prosecution charging one known to be a pickpocket with lounging in and prowling and loitering about a car and public place without being able to give a reasonable excuse in violation of section 2012 of Chicago Code of 1911, evidence examined and *held* insufficient to support a verdict against defendant.

----

## City of Chicago, Defendant in Error, v. Albert Johnson, Plaintiff in Error.

### Gen. No. 21,569.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed April 28, 1916.

### Statement of the Case.

Complaint by City of Chicago, plaintiff, against Albert Johnson, defendant. The same questions are involved as are decided in the opinion filed.in Gen. No. 21,568, *City of Chicago v. Baker, ante,* p. 323.

The complaint is in the same language, based on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

same city ordinance, and supported by the same character of proof, as held in the *Baker* case, *supra,* to be insufficient to sustain a judgment of conviction.

CHARLES E. ERBSTEIN and CHARLES P. R. MACAULAY, for plaintiff in error.

SAMUEL A. ETTELSON and HARRY B. MILLER, for defendant in error; DANIEL WEBSTER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

*c*

## Illinois Life Insurance Company, Appellee, v. James H. Prentiss, Appellant.

### Gen. No. 22,454.

INJUNCTION, § 29*—*when granted to restrain institution of suit in foreign jurisdiction.* Allegations of bill to enjoin institution of suit on life insurance policy in another jurisdiction while suit on the same policy pending in Illinois, *held* sufficient to warrant granting of injunctive relief sought, on the ground that complete relief can be had in the pending proceeding and such further suit would be vexatious and harassing.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed April 28, 1916.

FREDERICK A. BROWN, RAYMOND S. PRUITT and RALPH R. BRADLEY, for appellant; JOHN G. MCDONALD, of counsel.

HENRY W. PRICE and HUGH T. MARTIN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.